IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PALMER-TECH SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 1005 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| ALLTECH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Palmer-Tech Services, Inc. ("Palmer") sought declaratory judgment in the

Circuit Court of Cook County, Illinois, Chancery Division, against defendant Alltech, Inc.

("Alltech"). Alltech removed the matter to this court based on diversity of citizenship, and has

now moved to transfer venue to the Eastern District of Kentucky. For the reasons discussed

below, the motion to transfer is granted.

## BACKGROUND

Palmer is an Illinois corporation located in Chicago, Illinois, and assembles, fabricates,

and installs canning machinery for the canned beverage industry. Alltech is a Kentucky

Corporation that brews and sells beer brewed in its Lexington, Kentucky brewery. In late 2012

or early 2013, Alltech contacted Palmer for the purpose of purchasing machinery (the "Canning

Line") to produce canned beer. In response, Palmer submitted a contract quote to Alltech, and

Alltech accepted the contract by sending its purchase order, dated January 11, 2013, to Palmer in

Chicago.

Palmer assembled the Canning Line at its Chicago Facility, where it was thereafter

commissioned at Alltech's brewery in Lexington, Kentucky, on June 14, 2013. Palmer

subsequently provided training to Alltech's employees at its Lexington, Kentucky, facility.

After the Canning Line was installed, Alltech made numerous inquiries and complaints to Palmer relating to problems Alltech encountered while attempting to use the Canning Line. Palmer dispatched independent experts and service representatives to address Alltech's complaints. All maintenance and adjustments of the Canning Line were performed on-site in Lexington, Kentucky.

Alltech continued to contact Palmer regarding problems with the Canning Line, and demanded that Palmer remove the machinery and refund the entire purchase price. Alltech further threatened to file suit against Palmer if its demands were not met. Palmer alleges that the Canning Line conformed to the contract between the parties, and any issues with the equipment are solely due to the failure by Alltech employees to operate, maintain, and adjust the Canning Line properly. Accordingly, Palmer seeks a declaratory judgment that: (1) Palmer performed its obligations to Alltech pursuant to its contract; (2) Alltech is not entitled to damages, rescission or reformation of contract, or other relief against Palmer; (3) Palmer is entitled to such other relief against Alltech as the court deems just; and (4) Alltech be barred from disparaging Palmer, its products, services, or otherwise interfere with Palmer's prospective business opportunities.

## DISCUSSION

A motion to change venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court may transfer venue when: "(1) venue is proper in this district; (2) venue [and jurisdiction are] proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." Annett Holdings v. Certain

Underwriters at Lloyds, 2008 WL 2415299 at *2 (N.D. Ill. 2008) (citing Gueorguiev v. Max

Rave, LLC, 526 F. Supp. 2d 853, 856 (N.D. Ill 2007)). "The moving party bears the burden of

demonstrating that transfer is clearly more convenient." Id. (citing Heller Fin. Inc. v. Midwhey

Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989)) (internal quotation marks omitted).

"District courts have broad discretion in making determinations of convenience under Section

1404(a) and notions of convenience and fairness are considered on a case-by-case basis."

Emerging Vision, Inc. v. For Eyes Optical Co., 2009 WL 702243 at *4 (S.D.N.Y. 2009) (citing

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006)) (internal quotation marks

omitted).

    In the instant case, the parties acknowledge that venue is proper in this district and that

venue and jurisdiction are proper in the proposed transferee district. In evaluating the

convenience of the parties and witnesses, the court considers: "(1) the plaintiff's choice of

forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the

convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective

forums." Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc., 200 F. Supp. 2d 941, 946

(N.D. Ill. 2002).

    The first factor to consider, a plaintiff's choice of forum, is generally given substantial

deference. See Hyatt Intern. Corp. v. Coco, 302 F.3d 707, 718 (7th Cir. 2002) ("The plaintiff is,

after all, master of the complaint[.]"). In a declaratory judgment action, however, "a plaintiff's

choice of forum should carry less weight . . . where it is often attempting to preempt what it

perceives as a threat of suit." Emerging Vision, Inc., 2009 WL 702243 at *4 (citing Societe

Generale v. Fla. Health Scis. Ctr., Inc., 2003 WL 22852656 at *7 (S.D.N.Y. 2003)) (internal

quotation marks omitted).  In such a situation, but for the preemptive filing of declaratory judgment, "this would be in all respects [the defendant's] suit, and [it] would have been entitled to file whenever [it] wanted, wherever [it] wanted."  <u>Coco</u>, 302 F.3d at 718.  The defendant is the "'natural plaintiff'—the one who wishes to present a grievance for resolution by a court," <u>id.</u>, and the plaintiff's choice of forum is therefore "entitled to less deference . . . than it would otherwise receive."  <u>Emerging Vision, Inc.</u>, 2009 WL 702243 at *5.

In the instant case, because Palmer brought a preemptive declaratory judgment against Alltech, Alltech is perceived as the "natural plaintiff."   Thus, although <u>Coco</u> does not, as Alltech argues, hold that the reverse is true in a declaratory judgment action, such that the defendant's choice of forum should be presumed to be controlling, Palmer's choice of forum is entitled to little weight.

The next factor, situs of material events, is neutral in the instant case.  Because the parties may potentially be disputing the terms of a contract, "the situs of material events is where the business decisions causing the breach occurred, including where the agreement was primarily negotiated and signed."  <u>Corvenga v. Spectra Medical</u>, 2012 WL 5342364 at *2 (N.D. Ill. 2012).  In the instant case, it is unknown whether the alleged breach of the contract occurred in the design or installation of the Canning Line, and therefore the situs of material events cannot be determined at this time.  Additionally, Alltech and Palmer contacted one another through fax and email in both Illinois and Kentucky, accepting the contract electronically.  The Canning Line was thereafter assembled in Palmer's facility in Illinois, and subsequently commissioned, repaired, and maintained in Alltech's facility in Lexington, Kentucky.  Palmer also provided training to Alltech's employees in Alltech's Kentucky facility.  Nevertheless, without knowing

where or when the defect that led to the breakdown of the Canning Line occurred, the situs of material events does not militate for or against transfer.

The third convenience factor, the relative ease of access to sources of proof, favors transfer. The Canning Line itself is located in Alltech's facility in Lexington, Kentucky. As Alltech correctly argues, due to the nature of the dispute, it is highly likely that expert evaluations and other evidentiary demonstrations will all require access to the Canning Line. Thus, while the instant forum likely contains some sources of proof relevant to the litigation, the Canning Line is not capable of being relocated from Kentucky without substantial difficulty. See Simonoff v. Kaplan, Inc., 2010 WL 1195855 at *2 (N.D. Ill. 2010) ("Documents and records are easily transportable . . . and their location generally is not a persuasive reason for transfer.").

Looking at the next factor, convenience to the parties, Palmer correctly states that convenience to Palmer and its employees is properly balanced by convenience to Alltech and its employees. Both parties are corporations that do substantial business in locations far beyond their home districts, and both are able to "bear the expenses of litigating in a particular forum." Allied Van Lines, Inc., 200 F. Supp. 2d at 947; see also Heller Financial, Inc. v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1130 (N.D. Ill. 1989) (asserting that convenience of the parties "involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum").

The next factor, convenience of the witnesses, "is often viewed as the most important factor in the transfer balance." Ambrose v. Steelcase, Inc., 2002 WL 1447871 at *3 (N.D. Ill. 2002) (citing Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999)) (internal quotation marks omitted). This factor "requires the movant to

demonstrate precisely who the witnesses are and why they are important." <u>U.S. ex rel. Reuille v. Community Health Systems Professional Services Corp.</u>, 2011 WL 5238826 at *2 (N.D. Ind. 2011) (citing <u>Advance Prod., Inc. v. SFI of Tenn., LLC</u>, 2011 WL 3751645 at *2 (N.D. Ind. 2011)). Merely "stat[ing] that a number of witnesses reside in or near the transferee forum without identifying the witnesses and their proposed testimony" is therefore not sufficient. <u>Id.</u>

In its reply in support of motion to transfer venue, Alltech included a list of seven potential witnesses, six of whom are employed by Alltech and reside in or around Lexington, Kentucky. Alltech did not, however, include the substance of these witnesses' proposed testimony or discuss why they are important in the instant case. Moreover, "[i]n weighing the relative inconvenience of the witnesses, . . . the court generally assigns little weight to the location of employee-witnesses" who are likely under the employer's control and would thus appear voluntarily. <u>Hanley v. Omarc, Inc.</u>, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998).

Palmer incorrectly argues that convenience of its expert witnesses strongly favors venue in the instant district. "The residency of expert witnesses does not affect this court's analysis because expert witnesses are paid for their time and are within the control of the party calling them." <u>Amoco Oil Co. v. Mobil Oil Corp.</u>, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000). In any event, as Alltech points out, any expert would be required to inspect the Canning Line as installed at Alltech's Lexington, Kentucky, plant. Thus, if this factor is to be weighed at all, it slightly favors transfer to Kentucky.

Transfer must also be in the interest of justice. 28 U.S.C. § 1404(a). This involves a determination of: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the

relation of each community to the occurrence at issue." Allied Van Lines, Inc., 200 F. Supp. 2d at 946.  When considering these factors, "the Court should keep in mind that this inquiry embraces traditional notions of judicial economy, rather than the private interests of the litigants." Id. at 947 (citing Hanley, 6 F. Supp. 2d at 776-77) (internal quotation marks omitted); see also Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc., 626 F.3d 973, 978 (7th Cir. 2010) (finding the interest of justice analysis "relates to the efficient administration of the court system").

Alltech argues that according to the Judicial Caseload Profile for the Northern District of Illinois and Eastern District of Kentucky in September 2012, this matter would proceed more quickly in Kentucky.  Palmer argues that based on the most recent Judicial Caseload Profile in September 2013, the median time to trial and disposition of the two states is more or less equivalent.  While Alltech concedes to this near parity, it subsequently argues that the caseload per judgeship is significantly lower in the Eastern District of Kentucky.  This minimal discrepancy, however, a mere thirty-two cases between the two district's respective caseloads, is a neutral factor in the transfer analysis.

In a case involving diversity jurisdiction, "it is considered advantageous to have federal judges try a case who are familiar with the applicable state law." Corvenga, 2012 WL 5342364 at *4 (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986)) (internal quotation marks omitted).  This is a routine contract dispute, and both courts are equally familiar with the underlying law.  Moreover, as Alltech points out, this suit will turn in substantial part on the Uniform Commercial Code.  Both Illinois and Kentucky have adopted the Uniform Commercial Code, and are therefore equally capable of addressing the legal issues involved.

"[T]he desirability of resolving controversies in each locale and the interest of each community in the occurrence at issue" are other factors that determine the interest of justice. Allied Van Lines, Inc., 200 F. Supp. 2d at 948. Alltech argues that Kentucky has a much stronger interest in the subject of the lawsuit, because Alltech was founded and remains based in Kentucky, and employs a significant number of citizens within the Eastern District of Kentucky. Palmer contends that this is an improper argument, and would result in the larger corporation always prevailing on decisions of venue. While Palmer is correct that the interest of community members and employees themselves is not controlling, "[r]esolving litigated controversies in their locale is a desirable goal of the federal courts." Technical Concepts L.P. v. Zurn Indus., Inc., WL 31433408 at *7 (N.D. Ill. 2002) (citing Doage v. Board of Regents, 950 F. Supp. 258, 262 (N.D. Ill. 1997)) (internal quotation marks omitted). Additionally, the Seventh Circuit has already held that courts can consider "the relationship of the communities to the litigation" in assessing the public interests of the court. See Moore v. Motor Coach Industries, Inc., 487 F. Supp. 2d 1003, 1009 (N.D. Ill. 2007). This factor, therefore, slightly favors transfer to the Eastern District of Kentucky.

"Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." Research Automation, Inc., 626 F.3d at 978. In a situation like this, however, where "no one element clearly indicate[s] that one forum would be more convenient than the other, the totality of the factors" must be taken into account. Id. at 979. Because this is a declaratory judgment action, Palmer's choice of forum is not entitled to substantial deference. Additionally, but for denying liability in seeking declaratory judgment, Palmer does not have an independent claim against Alltech. Accordingly,

Alltech is viewed as the natural plaintiff. The totality of the factors, including Kentucky's interest in resolving controversies involving a manufacturing facility in its own locale, therefore favor transfer to the Eastern District of Kentucky.

## **CONCLUSION**

For the reasons stated above, defendant's motion to transfer to the Eastern District of Kentucky is granted.


**ENTER:** **April 30, 2014**

**Robert W. Gettleman**
**United States District Judge**